UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NICOLE WALKER ET AL.                         CIVIL ACTION

VERSUS                                       NO: 19-13207

JAMES R. TERRANCE ET AL.                     SECTION: "H"

## ORDER AND REASONS

Before the Court is Plaintiffs' Motion to Remand (Doc. 8). For the following reasons, the Motion is GRANTED.

## BACKGROUND

This action arises out of an apartment fire on July 4, 2018 that claimed the life of a tenant, Floyd Walker. The fire was allegedly caused by an electrical malfunction in the wiring system of the property. Plaintiffs Nicole Walker and Theresa Williams, sisters of the decedent, brought suit on behalf of the decedent against Terry Rene James,[1] the owner of the property, and Cadette Jones, the property manager, in the Civil District Court for the Parish of Orleans. Defendant James removed the action to this Court on the basis of

_____

[1] Defendant was improperly named James R. Terrence in Plaintiffs' petition.

1

diversity jurisdiction under 28 U.S.C. § 1332, alleging that Jones was improperly joined. Plaintiff now moves for remand back to state court.

## LEGAL STANDARD

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[2] The burden is on the removing party to show "[t]hat federal jurisdiction exists and that removal was proper."[3] When determining whether federal jurisdiction exists, courts consider "[t]he claims in the state court petition as they existed at the time of removal."[4] "In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties."[5] Removal statutes should be strictly construed, and any doubt should be resolved in favor of remand.[6]

## LAW AND ANALYSIS

Cases arising under § 1332 require, *inter alia*, complete diversity of citizenship.[7] "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on

---

[2] 28 U.S.C. § 1441(a).
[3] Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).
[4] *Id.*
[5] Coury v. Prot, 85 F.3d 244, 249 (5th Cir. 1996).
[6] *Id.*
[7] Stiftung v. Plains Mktg., L.P., 603 F.3d 295, 297 (5th Cir. 2010) (citations omitted).

the other side."[8] On its face, this matter lacks complete diversity. Plaintiffs and Defendant Jones are each citizens of Louisiana; Defendant James is a citizen of California. Defendant James argues, however, that Jones was improperly joined for the sole purpose of destroying diversity jurisdiction and that Plaintiffs cannot succeed on a claim against her.

"Fraudulent joinder can be established by demonstrating either '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'"[9] Generally, the court conducts an analysis similar to that employed in the context of Rule 12(b)(6), asking whether there is a legal basis for recovery assuming the facts in the complaint as true.[10] In certain circumstances, however, the court may pierce the pleadings and conduct a summary inquiry. "[A] summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."[11] Examples of such facts include "the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that easily can be disproved if not true."[12] The court evaluates all of the contested factual allegations in the light most favorable to the plaintiff and resolves any uncertainties in the controlling

---

[8] McClaughlin v. Miss. Power Co., 376 F.3d 344, 353 (5th Cir. 2004) (internal quotation marks and citations omitted).

[9] Crockett v. R.J. Reynolds Tobacco Co., 436 F.3d 529, 532 (5th Cir. 2006).

[10] Smallwood v. Ill. Cent. R.R Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc).

[11] *Id.*

[12] *Id.* at n.12.

state's substantive law in the plaintiff's favor.[13] The burden of showing fraudulent joinder is a "heavy one."[14]

To state a claim for negligence under Louisiana law, a plaintiff must allege that (1) the defendant had a duty to conform his conduct to a specific standard; (2) the defendant's conduct failed to conform to that standard; (3) the defendant's conduct was the cause-in-fact of the plaintiff's injuries; and (5) actual damages.[15] Plaintiffs' petition alleges that Jones, as property manager, had control over and managed the property, was aware of the dangerous condition of the residence prior to the fire, and failed to take any action to correct it. Accordingly, Plaintiffs have stated a claim for negligence under Louisiana law.

Defendant James submits several arguments to support his contention that there is no reasonable basis to predict that Plaintiffs can prevail on their claim against Jones. First, he argues that Plaintiffs' allegations are conclusory. This Court disagrees. While more detail might be preferred, the petition does more than simply allege that Jones was negligent; it sets forth exactly why Plaintiffs contend she was negligent—for failing to remedy a dangerous condition of which she was aware. When viewed in a light most favorable to Plaintiffs, these allegations are sufficient.

Next, Defendant argues that Plaintiffs cannot succeed on a claim against Jones because she had no responsibility for, authority over, or custody of the electrical wiring system that allegedly caused the fire."[16] This argument,

---

[13] Travis v. Irby, 326 F.3d 644, 648 (5th Cir. 2003).

[14] *Id.* at 649.

[15] Perkins v. Entergy Corp. 782 So. 2d 606, 611 (La. 2001).

[16] Doc. 10.

4

however, simply disagrees with the facts as alleged in Plaintiffs' petition. Whether Jones owed the decedent a duty is not the sort of "discrete fact" for which a summary inquiry would be appropriate. Accordingly, Defendant's argument simply creates an issue of fact the resolution of which is inappropriate on a motion to remand.[17]

Finally, Defendant complains that "Plaintiffs cite to no case where a court has held a resident property manager personally liable for breach of a generalized duty to keep tenants safe."[18] With this argument, Defendant misapprehends the burden of proof. It is Defendant's burden to provide this Court with cases showing that a resident property owner *cannot* be held personally liable for the breach of a generalized duty to keep tenants safe. He has not done so.[19] Accordingly, Defendant James has failed to show that there is no legal basis for recovery against Defendant Jones. Complete diversity does not exist, and this Court has no jurisdiction to hear this matter.

## **CONCLUSION**

For the foregoing reasons, the Motion is GRANTED, and this matter is REMANDED to the Civil District Court for Orleans Parish.

---

[17] The same is true for Defendant's argument that Jones did not owe the decedent a personal duty under the doctrine set forth in *Canter v. Koehring Co.*, 283 So.2d 716 (La. 1973).

[18] Doc. 10.

[19] Defendant cites to one case, *Brown v. Soupenne*, 416 So. 2d 170, 175 (La. App. 4 Cir. 1982), which held only that the failure of the property manager to fulfill his obligations to the property owner was not a breach of any duty owed to the tenant. Such a holding does not suggest, as Defendant contends, that a property manager could never be liable to a tenant for negligence.

New Orleans, Louisiana this 18th day of June, 2020.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**